


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

William Mark England
Petitioner

v. Civil Action No. 3:17-CV-592-G(BH)

Lorie Davis, Dir.
Respondent

PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes William Mark England TDCJ#1597261 who files this his Response to Respondent Davis's answer dated June 29th 2017 in support;

I
JURISDICTION

This honorable court has jurisdiction and venue over the facts and parties discussed in this case.

II
GENERAL RESPONSE

Under the Statement of the case relating specific facts leading up to the discussion of the nature of the petition which is not to reverse the conviction but rather an attack on the denial of Discretionary Mandatory Supervision (DMS) a release scheme that is codified in the Texas Statutes. It should be noted that England does not object to any issue in the sections titled Statement of the Case or State Court and Administrative Records.

In the section on page 3, the Hon. A.G. Sarah Harp does not object to the successiveness or statute of limitation or failure to exhaust but attempts to reserve the arguments in the event the court agrees with the Petitioner. England argues that this is not fair and asserts that this is his first writ attacking denial of DMS. More so such is timely following the denial of DMS and there is simply no remedies to exhaust except filing a state 11.07 which the state agrees is part of the record currently available to the court.

On page 4 of the Answer England agrees that the standard of review is properly stated in the set of paragraphs covering pages 4-7.

On page 7 of the Answer England disagrees with the Honorable A.G.'s assessment of the denial of Mandatory Release. England asks that the Honorable Court turn to the Exhibit attached to this document as Exhibit 1, which is an Institutional Division time sheet that indisputably demonstrates that England has in fact accumulated OVER 100% of the sentence with the addition of good time and work time. Simply put the sentence of record is 18 years and he has accumulated

19 years "on paper".

England argues that the law of mandatory release is clear see Tex.Govt Code §508.149(b) "An inmate may not be released to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public."

First, England points to the same argument raised in state court. The Notice of Parole Panel Decision is the Boards ONLY reply to offenders who are asking what else they can do to rehabilitate? See Exhibit two attached.

England notes that he has taken all the rehabilitation classes that are available to him; multiple faith based classes including Quest for Authentic Manhood, Boundaries, and other such classes; vocational training in HVAC, and held a prison job for a substantial period of time. Simply put there is no other rehabilitation available to take, yet the system demands more!

Moreso, as argued in the state court below. How can the board measure the offenders "potential for rehabilitation" obviously it is not done by looking at the prison record; England has had no major disciplinary cases in his history and under the "point system" used by the Board of Pardons and Paroles he is at the highest possible level. There is no loss of Good/Work time in the eight years of his incarceration. Simply put this part of the "standard" is void for vagueness as it is meaningless.

The Second standard which under the law must be considered is the question of whether the inmates release would endanger the public. Because the law is written to include it as a mandatory part of the scheme it must be equally explained by denial provided.

NOTE England has never had an aggravated felony crime and is not a threat to society. All standards used to determine "future" dangerousness are aggravated criminal charges.

Exhibit two lists under several of it's reasons that it has records of 1) multiple privious offenses and 2) Drug use. England admits that he has multiple prior offenses all for relativly minor criminal charges. But, note there is no record of drug use or charges for possession of drugs. This is simply incorrect.

Looking specifically at the Exhibit two;

9D1 England argues this is a "conclusory statement" without a basis in fact.

9D2 England has never been convicted of an aggravated offense.
1D England argues that this is speculation and not provable by the record of offenses. Yes, there are several convictions but most of these are simple cases of mischief. Nor has past behavior been proven to predict the future.
3D England actually requested a drug treatment program as part of his inmate treatment program hoping to gain favor with the board of pardons and paroles instead they have used it against him.
5D England has spent 3237 days on parole and probation and paid $4800.oo in supervision fees and completed 320 hours of community service. In fact England has been falsely accused of violations on several occasions and when the facts were closely examined by a reviewing agency he was reinstated!
11D The Board is looking at each of these instances of "criminal behavor" as individual incidents not 4 of the 7 felonies are from the same episode.

Further if the court will compare Exhibit two to the one previously submitted to the trial court and court of criminal appeals it will note that it has changed as the two are very different! SEE MOTION TO FORWARD THE RECORD

As such England re-asserts his argument. This is simply not a proper NOTICE, it does not explain what is expected of the offender to do in order to achieve parole. If the issue is the amount of time in prison then common sense indicates that they should just say that!

"Due Process at a minimum requires an opportunity to be heard at a meaningful time and in a meaningful manner." Ray v. Texas State Board of Public Accountany 4 S.W.3d 429 (Tex.App. Austin 1997) accord Matthews v. Eldridge 96 S.Ct. 893 (1976), as such notice is a critical aspect of due process Univ. of Tex. Med. School v. Than 901 S.W.2d 926, 930 (Tex. 1995) and Armstrong v. Mayzo 380 U.S. 44 (1965).

Further in Grayned v. City of Rockport the Supreme Court of the U.S. held that "It is a basic prinicple of due process than an enactment is void for vagueness if its prohibitions are not clearly defined." England argues that this statute does not provide offnders with a clear direction of how to gain release and does not demonstrate in most cases how our release would endanger the public.

Finally, the idea that the Board has through some occult means determined that England is capable of more rehabilitation is simply vague, how can anyone know such? In this case England argues this is improper as there is no more available to him at this unit. And, isn't this always true of all people can't

all people, always self improve?

If so, what is the criteria the Baord used in the release of the other offenders who have achieved DMS?

Regarding III Texas Gov't Code Section 508.149. on page 10 of the Answer. England reasserts that such is unconstitutional. England argues that in the initial application he also cites that the Gov't Code 508.149 violates the federal due process and free speech guarntees.

To directly reply to the Hon. A.G. Harp, in Austin v. Wilkinson 125 S.Ct. 2384 (2005) we find; " A liberty interest protected by the 14th Amendment's Due Process clause may arise from the Constitution itself, by reason of guarntees implicit in the word "liberty", or it may arise from an expectation or interest created by state laws or policies." England argues that in the event this or other federal court declares this law to be violative of federal due process and/or the state constitution then the prior law would take over and he would achieve immediate release. As such he has a "liberty" interest in the decision. Further, in Galindo v. Johnson 19 F.Supp.2d 697, 703 (W.D. Tex.) a federal court will not review issues involving those which rest entirely on state law. However, where the state action direclty or indirectly affects federal rights, a federal court should examine the facts to determine..."

England argeus that checks and balances between the branches of government is a solid and engrained principle of our govermental structure one that is generally replicated in all state constitutions and part of the framework of the federal constitution. And, for a single branch of government to make a law that CANNOT be reviewed by the judiciary is to act without authorization or "ULTRA VIRES". In Pennhurst State School & Hospital v. Halderman, 104 S.Ct. 900 919 (1984) the Supreme Court held that suits against state officials for violations of state law, in carrying out their official duties, is generally barred. The Supreme Court reasoned that a "federal court's grant of relief... does not vindicate the supreme authority of federal law." thus, federal courts lack jurisidiction over cases that require an application of state law to state official duties. Id at 106, 104 S.Ct. at 911.

The Pennhurst court noted, however, that a federal court may review an action against state officers acting **ultra vires**. The court noted that the ultra vires doctrine is a "narrow exception" permitting federal review and questioned its continued vitality, but never expressly overruled it. See

Pennhurst 465 U.S. at 114 n. 25; see also Word of Faith World Outreach Center Church Inc. v. Morales 986 F.2d 962, 966 (5th Cir.) cert denied, 510 U.S. 823 (1993) [court had jurisdiction to review the case because state officers acted ultra vires his authority]. See Pennhurst at 102 n. 11, 104 S.Ct. at 908 n. 11 In Morales 986 F.2d at 966 ibid A state official acts ultra vires when he acts beyond the scope of his statutory authority, or persuant to authority deemed to be unconstitutional. Morales ibid at 966. See also Pennhurst 465 U.S. at 102 n. 11, 104 S.Ct. at 908 n. 11 qouting Florida Dept. of State v. Trenmura Salvors, inc. 458 U.S. 670, 697, 102 S.Ct. 3304, 3321 (1982) [Ultra vires is acting "without any authority whatever".]

Simply put the Texas Legislature is without authority to creat a law that expressly denies judicial review!

IN CONCLUSION England asks that this court review the facts and evidence before it then GRANT the petition for Writ of Habeas Corpus.

[signature] 8-1-17

CERTIFICATE OF SERVICE

I, William Mark England, TDCJ#1597261 certify that on the date below I have sent by regular mail, first class, postage pre-paid one original copy of my Petitioner"s response to Respondent's Answer, to the U.S.D.C. Norther Dist. of Texas Dallas Div. 1100 commerce st. room 1452 Dallas Tx. 75242. With a carbon copy to the Hon. A.G. Sara Harp at P.O. BOX 12548 Austin Tx. 78711 both duly placed into the French M. Robertson prison mail system.

[signature] 8-1-17

VERIFICATION

I, William Mark England , TDCJ#1597261 verify and affirm that on the date below I have sworn that the above is true and correct pursuant to 28 USC §1746.

[signature] 8-1-17

EXHIBIT ONE



T. C. J. - I N S T I T U T I O N A L D I V I S I O N

DATE 07/05/17 RECORDS OFFICE TIME 11:20:22

TDCJID: 01597261 NAME: ENGLAND,WILLIAM MARK UNIT ROBERTSON

SENT. BEGIN DATE 08/09/2009 TDC RECEIVE DATE 10/08/2009

INMATE STATUS STATE APPROVED TRUSTY CLASS III W LAST PCR REQUEST 07/05/17

| | | MAND SUPV | PAROLE |
|---|---|---|---|
| SENT. OF RECORD | 00018 YRS 00 MOS 00 DAYS | | |
| FLAT TIME SERVED | 00007 YRS 10 MOS 27 DAYS | 043 % | 043 % |
| GOOD TIME EARNED | 00007 YRS 07 MOS 29 DAYS | 042 % | 042 % |
| WORK TIME EARNED | 00003 YRS 11 MOS 10 DAYS | 021 % | 021 % |
| MAND SUPV TIME CREDITS | 00019 YRS 06 MOS 06 DAYS | 106 % | |
| PAROLE TIME CREDITS | 00019 YRS 06 MOS 06 DAYS | | 106 % |

MINIMUM EXPIRATION DTE: 08/09/2027

MAXIMUM EXPIRATION DTE: 08/09/2027

JAIL GOOD TIME RECD YES NUMBER OF DETAINERS 00

GOOD TIME LOST 00000 DAYS WORK TIME LOST 00000 DAYS

PAROLE STATUS BPP DATE TDC CALC DATE 07/02/2011

REQUEST __________

CONDUCT RECORD:

EXHIBIT TWO

PDKAR008AAGTRB

STATE OF TEXAS
BOARD OF PARDONS AND PAROLES

10/07/2016
PAGE 1

NOTICE OF PAROLE PANEL DECISION

NAME: ENGLAND,WILLIAM MARK
SID NUMBER: 03350354 TDCJ-ID NUMBER: 01597261
TDCJ-ID UNIT OF ASSIGNMENT: ROBERTSON
HOUSING ASSIGNMENT: BLDG 4-D-3 ROW 1 CELL: 52

SUBJECT: Decision Not to Grant Mandatory Supervision - DMS

After a review of your case, the Board of Pardons and Paroles decision is not to grant you Mandatory Release and has marked your case as a Denied Mandatory Supervision. Your next review date has been set for 10/2017.

You have been denied Mandatory Supervision Release for the reason(s) listed below:
One or more components indicated in each paragraph listed below may apply, but only one is required.

9D1. THE RECORD INDICATES THAT THE OFFENDER'S ACCRUED GOOD CONDUCT TIME IS NOT AN ACCURATE REFLECTION OF THE OFFENDER'S POTENTIAL FOR REHABILITATION.
9D2. THE RECORD INDICATES THAT THE OFFENDER'S RELEASE WOULD ENDANGER THE PUBLIC.
1D. THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.
3D. THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.
5D. THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.
11D. OTHER - 11D-EXTENSIVE CRIMINAL RECORD

The Institutional Division will monitor your treatment plan progress and will report your progress to the Board of Pardons and Paroles.

Should you have any questions regarding this notice you are to contact your unit Institutional Parole Office.

This Notice of the Parole Panel Action is your written detailed statement as required by Texas Government Code SECTION 508.1411.
DMS
CC: OFFENDER

# CERTIFICATE OF

# *Award*

*presented by Windham School District to*

## *William England*

*for outstanding performance & accomplishment in*

## *HVAC*

Presented this **09th** Day of **April**, 20**16**

Principal

Teacher

HD-2001

Clerk of the Court
U.S. District Court
Norther District of Texas
Dallas Div.
1100 Commerce
Room 1452
Dallas Tx.
75242-1495




Re: England v.L.Davis
Cause No 3-17-CV-592-G (BH) "ECF"

Dear Clerk

Enclosed you will find my Petitioner's Response to Defendant's Answer certificate of service, and verification as well as a self addressed stamped envelope and a carbon copy of this letter.

Please bring this document to the attention of the court and on that same date please file date stampe the enclosed carbon copy and return it to me in the S.A.S.E.

Thank you so much for your time and effort in filing and doing your job for without you and those like you the innocent would remain the incarcerated.

Sinc.

WmMark England

William Mark England
#1597261
French M. Robertson
12071 F.M. 3522
Abilene Tx. 79601

William Mark England 1597261
RobertSon Unit 4D-52T
12071 fm 3522
Abilene, Tx 79601

Legal Mail




United States Dist
Office of The Cl
Northern District
1100 Commerce
Dallas, Tx 7524