IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM MARK ENGLAND, ) | |
|     ID # 1597261, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-592-G (BH) |
| ) | |
| BRYAN COLLIER[1], Executive Director, ) | |
| Texas Department of Criminal ) | |
| Justice, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

William Mark England (Petitioner), a state prisoner currently incarcerated in the Texas Department of Criminal Justice Wynne Unit (TDCJ), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Brian Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ) (Respondent).

On August 20, 2009, Petitioner pled guilty to burglary of a habitation and received a sentence of 18 years' imprisonment in Cause No. 25907 in the 354th Judicial District Court of Hunt County, Texas. (*See* doc. 19-4 at 38.)[2] The Texas Board of Pardons and Paroles (Board) denied him release on mandatory supervision on October 3, 2016. (*See* doc. 17-1 at 2.) He filed a state habeas

---

[1] Petitioner names "Brian Collier" as the Respondent. The Executive Director of the Texas Department of Criminal Justice is "Bryan Collier," and the docket shall show that as the Respondent's correct name.

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

application that was signed on November 3, 2016, and received on November 15, 2016. (*See* doc. 19-4 at 4, 20.) It was denied on January 11, 2017. *Ex parte England*, No. 61,470-04 (Tex. Crim. App. Jan. 11, 2017).

Petitioner's federal habeas petition, received on February 28, 2017, raises the following grounds:

> (1) The Board of Pardons and Paroles did not provide its reasons for the denial of release on mandatory supervision;
>
> (2) Texas Government Code § 508.149 is unconstitutional because it provides that the Board's decision to deny mandatory supervision release is not subject to judicial review.

(*See* doc. 3 at 6.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). It requires that federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3

### III.  MANDATORY SUPERVISION

Petitioner contends that the Board did not provide its reasons for denying his release to mandatory supervision.

Although "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme.  *See* Tex. Gov't Code Ann. §§ 508.147, 508.149; *Teague v. Quarterman*, 482 F.3d 769, 775–77 (5th Cir.2007).  This scheme gives rise to a liberty interest subject to due process protections.  *See Teague*, 482 F.3d at 775–77.  These protections require timely notice of the specific month and year that an inmate will be considered for mandatory supervision and a meaningful opportunity to be heard, and "[i]f release is denied, the inmate must be informed in what respects he falls short of qualifying for early release."  *Nettles v. Davis,* No. 3:15-CV-2661-B-BN, 2016 WL 7670049, *5 (N.D. Tex. Dec. 22, 2016), *rec. adopted* 2017 WL 86188 (N.D. Tex. Jan. 10, 2017).

Here, the Board gave Petitioner notice on August 17, 2016, that he was eligible for mandatory supervision release on November 25, 2016; that he could submit information regarding the review for mandatory supervision release within 30 days after the date of notice; and that he would be reviewed for mandatory supervision release after the expiration of the 30-day period and no earlier than 60 days before the projected release date of November 25, 2016.  (*See* doc. 17-1 at 3.) The Board informed Petitioner that he was denied release on mandatory supervision because his good conduct time was not an accurate reflection of his potential for rehabilitation; his release would endanger the public; he had repeatedly committed criminal episodes that indicated a predisposition

4

to commit criminal acts upon release; there had been excessive substance abuse involvement; there had been unsuccessful periods of supervision on previous probation, parole, or mandatory supervision; and he had an extensive criminal record. (*See* doc. 17-1 at 4.)[1]  His next review date for mandatory supervision release would be in October 2017. (*See id.*)

The due process requirements for a review for mandatory supervision release were met. *See Nettles,* 2016 WL 7670049 at *5.  The Fifth Circuit has held that due process does not require the Board to provide further explanation of its decision to deny mandatory supervision release. *See Brookins*, 2015 WL 9450619 at *3, citing *Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008).  Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## IV. CONSTITUTIONALITY

Petitioner contends that Texas Government Code § 508.149 is unconstitutional under the Texas Constitution and United States Constitution because it provides that the Board's decision to deny mandatory supervision release is not subject to judicial review.

"A determination under Subsection (b) [to deny mandatory supervision release] is not subject to administrative or judicial review." Tex. Gov't Code § 508.149(d). "[A]lthough the decision to release is within the sound discretion of the Board [and cannot be appealed under § 508.149(d)], complaints regarding the 'process' and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07" of the Texas Code of Criminal Procedure. *Gutierrez v. Stephens*, No. 4:15-CV-245-A, 2014 WL 3949879 at *1 (N.D. Tex. Aug 12, 2014).

---

[1] An inmate is not entitled to release on mandatory supervision if the Board "determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." § 508.149(b).

Nevertheless, Petitioner's claim under the Texas Constitution is not cognizable in this federal habeas corpus proceeding. In federal habeas corpus actions, federal courts do not sit to review errors under state law. "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law' . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A claim that § 508.149 violates the Texas constitution is not cognizable on federal habeas review. *Nettles*, 2016 WL 7670049, *5.

Regarding the federal constitutional claim, federal courts have rejected claims that the statute is unconstitutional on the basis that there is no appeal from the Board's decision on the merits. *See Knod v. Director*, No. 6:10-CV-22, 2010 WL 3782659 at *4 (E.D. Tex. June 28, 2010), *rec. adopted*, 2010 WL 3782621 (E.D. Tex. Sept. 20, 2010); *Gilbert v. Dretke*, No. 4:13-CV-93-A, 2004 WL 1809741 at *3 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 1944020 (N.D. Tex. Aug. 31, 2004). There is also no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz*, 442 U.S. at 7. "The Supreme Court has stated that there is no constitutional guarantee that all executive decision-making must comply with standards that assure error-free determinations, and that this is 'especially true with respect to the sensitive choices presented by the administration decision to grant parole release.'" *Knod*, 2010 WL 3782659 at *4, quoting *Greenholtz*, 442 U.S. at 7. Because there is no federal constitutional right to early release from prison on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of early release, even where he alleges that the denial was based on unreliable or even false information. *Johnson v. Rodriguez*, 110 F.3d 299, 305, 308-09 (5th Cir. 1997).

In summary, a prisoner has no constitutional right to early release on mandatory supervision,

6

so there is no constitutional right to a review of the merits of the decision to deny mandatory supervision release. A prisoner has constitutional due process rights in the process used to make that decision, and Texas provides for habeas review of those due process claims. Movant has not shown that he has a constitutional right to judicial review of the merits of the Board's decision to deny mandatory supervision release. He is not entitled to relief on this claim.

## V. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** on this 22nd day of October, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE